USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEIDY REYES,

        Plaintiff,

-against-

JSD CONSTRUCTION GROUP, INC., et al.,

        Defendants.

21-CV-3406 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' joint motion dated October 25, 2021 (Joint Mtn.) (Dkt. No. 24), seeking approval of their fully-executed Settlement Agreement (Ag.) (Dkt. No. 24-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants collectively to pay $26,000 to plaintiff Leidy Reyes (inclusive of attorneys' fees and costs) to settle her claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. §§ I.A, II.A. Of that sum, plaintiff's counsel will be reimbursed $799.26 for litigation costs and paid $12,200.74 in fees, for a total of $13,000, leaving $13,000 for plaintiff herself.[1]

    The material terms of the settlement were negotiated between the parties' experienced labor and employment counsel, *see* Joint Mtn. at ECF page 3, and agreed to in an early mediation (prior to formal discovery) before a panel mediator in this District. (Dkt. No. 23.) The parties filed their joint motion on October 25, 2021. (Dkt. No. 24.) Five months later, on March 23, 2022, they consented to the jurisdiction of the assigned magistrate judge for all further proceedings. (Dkt. No 28.) On May 10, 2022, at my direction, plaintiff submitted a supplemental letter (Supp. Ltr.) (Dkt. No. 31) attaching the retainer agreements she executed with her counsel, and counsel's time records, in further support of the joint motion.

---

[1] The total payment to counsel constitutes 50% of the gross settlement payment and 48% of the net settlement payment after deduction of costs.

The Court finds the financial terms of the Agreement fair and reasonable. According to the parties' representations, *see* Joint. Mtn. at ECF page 2, plaintiff's primary contention is that defendants failed to pay her entirely for 409 hours of work. Thus, the gross settlement payment of $26,000 substantially exceeds her maximum potential recovery under the FLSA and the NYLL (including liquidated damages and interest). Even after paying her counsel half of that sum, plaintiff will take home $13,000, which exceeds her actual unpaid wages and likely approximates her maximum potential recovery under both federal and state law (assuming a $15 per hour minimum wage).[2] Moreover, although the proposed attorney fee is higher than the norm in this District, it is lower than her counsel's $16,278.50 lodestar (calculated based on 78.1 hours of work performed at rates ranging from $75 per hour for a junior paralegal to $450 per hour for a partner) and appears to be within the range authorized by the retainer agreements between plaintiff and her counsel. *See* Suppl. Ltr. at 1; *id.* Exs. 1, 2, 3. On these facts, I conclude that the fee is not excessive. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 (2d Cir. 2020) (firm's "efforts in litigating this case" and "success in negotiating a favorable settlement" entitled it to "reasonable compensation, not limited by an artificial rule of proportionality").

The non-economic terms of the settlement are also fair. Plaintiff will release defendants "from any actions . . . in law or in equity . . . related to . . . all claims for overtime, minimum wage, and any other claims for wages pursuant to the [FLSA] or [NYLL] . . . [and] all correlative common law claims associated with nonpayment or underpayment of wages[.]" Ag. § V.A.[3] There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiff's

---

[2] 409 hours x $15 per hour = $6,135, to which the court would add 9% interest and (if defendants acted willfully) another $6,135 for liquidated damages. According to the joint motion, plaintiff does not assert any overtime claims. Joint Mtn. at ECF page 2.

[3] In their joint motion, the parties incorrectly state that "the release in this case is general, but it is mutual." Joint Mtn. at ECF page 2. In fact, the release is unilateral, but is limited to wage and hour claims.

ability to discuss her employment with defendants, this action, or the terms of the settlement. Defendants agree to "provide neutral references" for plaintiff in connection with employment inquiries. Ag. § III.B.

Having carefully reviewed the financial and non-financial terms of the Agreement, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint motion (Dkt. No. 24) is **GRANTED** and the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York  
       May 12, 2022

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**